MEMORANDUM **
Joseph E. Johnson, Jr., a former inmate at the San Mateo County jail, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Johnson also appeals from the district court’s order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We review for abuse of discretion the denial of a reconsideration motion. Sch. Dish No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.
The district court properly dismissed the action because Johnson did not exhaust available administrative remedies before filing his complaint in federal court. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam) (stating that inmates must exhaust administrative procedures before filing suit in federal court); see also Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir.2006) (holding that an action is brought for purposes of § 1997e(a) when the prisoner submits his complaint to the court). Although he filed grievances, he did not allow for a reasonable time for response before bringing suit. Further, Johnson failed to show that he was prevented from exhausting.
The district court did not abuse its discretion in denying Johnson’s motion for reconsideration given that it presented no pertinent new evidence, law, or demonstration of clear error. See Sch. District No. 1J, Multnomah County, 5 F.3d at 1263 *729 (reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or if there is an intervening change in controlling law).
Johnson’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.